976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carol Jessen HINTZ, Personal Representative of the Estate of
John Hintz, deceased, and Carol Jessen Hintz in
her own behalf, Plaintiff-Appellant,
v.
PARK COUNTY, MONTANA; Robert Oakland, individually and as
former Sheriff of Park County, Montana; Dennis Frawley,
individually and as former under-sheriff and Deputy Sheriff
of Park County, Montana; Lee Roy Keto, individually and as
former Sheriff's Deputy of Park County, Montana, et al.,
Defendants-Appellees.
 No. 91-35517.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 18, 1992.
Decided Sept. 23, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carol Jessen Hintz, the widow of John Hintz, sued Park County, Montana, and five former and current county sheriff's deputies under 42 U.S.C. §§ 1983 and 1988. She alleged that the deputies violated her husband's Fourth, Fifth, and Fourteenth Amendment rights. She also alleged related state tort claims. The district court granted summary judgment for the county and the deputies, and dismissed the state tort claims. Carol appeals.
 
 
 3
 * On the evening of his death, John was riding in a pickup truck driven by Wade Sarrazin. The deputies stopped the truck to serve Hintz with a temporary restraining order and contempt warrant. During the stop, he suffered a gunshot wound and died later. Reports filed with the sheriff's office indicated that John shot himself with a .410 gauge sawed-off shotgun. Carol disputes these reports.
 
 II
 
 4
 a. County Sheriff's Deputies
 
 
 5
 Any person who, acting under color of state law, deprives another of a federally protected right may be liable under 42 U.S.C. § 1983. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). Carol alleges that the deputies caused John's death, depriving him of his civil rights.
 
 
 6
 Although all witnesses, including Wade Sarrazin, said that John shot himself, Carol argues that a genuine issue exists as to whether John committed suicide. First, she argues that both the shotgun's location and the absence of blood in Wade Sarrazin's truck show that John did not kill himself. Yet the shotgun's location is consistent with the witnesses' statements. The absence of blood in the truck does not contradict those statements.
 
 
 7
 Next, she contends that x-rays show that the shot in John's body was not from a .410 shotgun, and that the shot pattern indicates the gun was fired from up to 15 feet away from John. Her contentions are mere speculation, however, because they are unsupported by affidavits or experts' depositions.
 
 
 8
 She also asserts that a court may not presume death by suicide, citing Dick v. New York Life Ins. Co., 359 U.S. 437 (1959) and Lewis v. New York Life Ins. Co., 113 Mont. 151, 124 P.2d 579 (Mont.1942). Her reliance is misplaced. Both cases held that an insurer must prove that the insured committed suicide when denying coverage on that basis. Dick, 359 U.S. at 446; Lewis, 124 P.2d at 582.
 
 
 9
 Carol maintains that a genuine issue exists as to whether John was in the deputies' custody when he was shot. Again, no facts support this assertion. The deputies had not arrested him or placed him in custody. He also could have avoided the deputies by continuing to drive on the main road, or even passing them on the dirt road.
 
 
 10
 Although she did not plead claims under 42 U.S.C. § 1985, she also argues that the deputies conspired to cover up the circumstances of her husband's death. She points out that the shotgun was destroyed without a court order, no autopsy was performed, and no coroner's inquest was held. She fails to state a claim under § 1985, however, because she does not allege "racial or class-based discrimination" or "class-based animus." Bretz v. Kelman, 773 F.2d 1026, 1028-30 (9th Cir.1985) (en banc).
 
 
 11
 b. Park County
 
 
 12
 Counties may also be liable for deprivations of constitutional rights resulting from their policies or customs. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). Although Carol maintains that county policy permits sheriff's deputies to punish summarily persons who refuse to obey an officer's order, or those who do not obey quickly, she fails to give specific facts showing such a policy or a pattern of similar incidents.
 
 
 13
 The district court correctly granted summary judgment for the deputies and Park County.
 
 III
 
 14
 When federal claims are resolved before trial, the court may dismiss pendent state claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The district court did not abuse its discretion by dismissing the state tort claims.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3